## Short *versus* Stevenson.

| 63 | 95 |
| 183 | 540 |
| 63 | 97 |
| a196 | 519 |

1. Stevenson being in negotiation for oil-land, proposed to form a company, represented that the land could be bought for $12,000, and induced Short to take and pay for a share in it at $1000. Stevenson bought the land for $6000, without disclosing to his associates the price which he gave. *Held*, that on these facts Short could recover his money back.

2. If Stevenson had disclosed the sum for which the land could be bought, and which he paid, and refused to sell for less than $12,000, and Short had agreed to pay $1000 for a share with a knowledge of the facts, the transaction would have been unimpeachable.

3. Good faith required that Stevenson should charge his associates no more for their respective shares than the amount actually paid for them.

November 2d 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county*: No. 2, to October and November 1869.

This was an action of assumpsit by Marshall Short against Philip H. Stevenson, commenced July 18th 1867.

The plaintiff declared in one count, that the defendant represented to him that he was about to buy 15 acres of land for $12,000; that the Stevenson & Smith's Ferry Oil Company were organizing for taking oil from the land, and the defendant would buy the land for the company at $12,000, and in consideration of the payment by plaintiff of $1000, defendant agreed to give him one-twelfth interest in the land; plaintiff averred that the defendant had paid but $6000 for the land, and he therefore became liable to pay plaintiff $1000.

The second count set out as in the first, and averred that the defendant promised that whenever the plaintiff should become dissatisfied, the defendant would repay him the $1000, and that the plaintiff having discovered that the defendant had paid but $6000 became dissatisfied and demanded the repayment of the $1000.

The declaration contained also the common counts.

The plaintiff gave evidence by Levi Stevenson that in June 1865 the defendant told the plaintiff that a tract of oil land-containing 15 acres near Smith's Ferry could be bought for $12,000, and wished some good men to go in at $1000 per share. Short then agreed to take a share and put his name down.

J. McNall testified that he was present at a meeting, August 5th 1865; the defendant showed a deed for the property, stating the consideration to be $12,000; defendant said the matter was all right; witness said the deed showed $12,000 had been paid for the property; Stevenson made no reply.

J. Dougherty, the vendor of the land, testified that in April and May 1865 Stevenson came to him to buy the land, and not then buying it, came two or three times afterwards, the land

was sold to him about the last of July or the 1st of August, for $6000; defendant paid for stamps for $12,000.

There was evidence for the plaintiff that the defendant had promised the plaintiff to refund the $1000 if he became dissatisfied.

The plaintiff gave in evidence two receipts to him from the defendant for the payment in full of his share in the oil company.

The plaintiff having closed, the court (Stowe, J.) directed a nonsuit, which the court in banc refused to take off. This, on the removal of the case to the Supreme Court by the plaintiff, was assigned for error.

*Collier*, *Miller & McBride*, for the plaintiff in error, cited Simons *v*. The Vulcan Oil Co., 11 P. F. Smith 202.

*T. M. Marshall* and *T. B. Hamilton*, for defendant in error, referred to McElhenny's Appeal, 11 P. F. Smith 188; Simons *v*. Vulcan Oil Co., Id. 202.

The opinion of the court was delivered, January 24th 1870, by

WILLIAMS, J.—We are clearly of the opinion that this case should have been submitted to the jury, and that the court erred in withdrawing it from them by ordering a judgment of nonsuit and refusing to set it aside.

The evidence shows that the plaintiff subscribed for a share in the Stevenson & Smith's Ferry Oil Company, of which the defendant was a promoter; that, when he made the subscription, the defendant was not the owner of the land on which it was proposed to carry on the operations of the projected company, but represented that it could be bought for $12,000; and, on the faith of this representation, the plaintiff subscribed and agreed to pay, for one share, the sum of $1000—the whole number of shares being twelve, at $1000 each—and that he paid one-half of the amount subscribed before the defendant bought the land; and that, when he paid the residue, the defendant exhibited a deed for the land, which he had in the meantime procured, showing the consideration therefor to be $12,000, and said that the matter was all right. Instead of paying $12,000 for the land, as represented, the defendant, as the deposition of Dougherty the vendor shows, paid only $6000 for it. If he had disclosed the exact sum for which the land could be bought, and which he actually paid for it, and had refused to sell to his associates for less than double the amount which he paid, and the plaintiff had subscribed, and agreed to pay $1000 for the share with a full knowledge of all the facts, the transaction would have been unimpeachable, and the defendant might have pocketed the profits without any liability to account therefor. But he made no such disclosure. He was not the owner of the land, and he did not buy it for himself alone, but for

[Short *v.* Stevenson.]

himself and his associates, and good faith required that he should deal fairly with them, and charge them no more for their respective shares than the amount actually paid therefor.   As was said by the present Chief Justice, in the recent case of Simons *et al. v.* Vulcan Oil Company, 11 P. F. Smith 202,—"An agent cannot make profits out of his principal in the business of his agency; nor a partner out of his copartner, without his assent; nor an associate out of his co-associates, for whom he has undertaken to act.   That this is the law, authorities need not be required to prove.   It is elementary."   The principle applies with all its force to the facts as proved in this case, and the evidence should have been submitted to the jury, with the instruction that, if they found that the defendant purchased the land for himself and associates without disclosing the price paid therefor, and was guilty of concealment and misrepresentation as to the terms of the purchase, the plaintiff·was entitled to recover back the advance price which he paid the defendant for his share.

Judgments reversed, and a *procedendo* awarded.